UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEAN J. CUNNINGHAM, JR.,
RITA K. CUNNINGHAM,

    *Plaintiffs,*

v.

STATE OF MICHIGAN, *Department of Human Services and Michigan's Children's Institute by Jennifer Granholm, Governor*, DAWN RAY, and WILLIAM JOHNSON,

    *Defendants.*
_____/

CASE NO. 10-CV-13208

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS AND/OR MOTION
FOR SUMMARY JUDGMENT**
(Doc. 12)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion to dismiss or for summary judgment be **GRANTED** and the case be dismissed in its entirety.

## II.   REPORT

### A.   Introduction and Background Facts

Plaintiffs' *pro se* civil rights complaint avers that it is an "Appeal from a final decision of the Michigan Supreme Court, being: *In Re C.V. Minor* [*Dean Cunningham and Rita Cunningham*] *v. Dep't of Human Services, Case No. SC 140216; COA 290439* []with U.S. Constitutional issues preserved." (Compl., Doc. 1 ¶ 5.) Plaintiffs cite 42 U.S.C. § 1983 and claim that Defendants conspired to deprive them "of their Civil Rights." (*Id.*) Plaintiffs contend that their biological

grandson, Corbyn, was wrongfully placed in foster care despite their willingness to take custody of him. (*Id*. ¶¶ 8-10, 13-14.) Although Plaintiffs had visitation rights for the first six years of Corbyn's life, at some point they were denied visitation. (*Id*. ¶¶ 9, 15.) Plaintiffs contend that they requested reinstatement of visitation, applied to adopt Corbyn, and should have been given priority to adopt their grandson, but he was placed in various foster care homes instead. (*Id*. ¶¶ 15-19.) In Count I of the Complaint, Plaintiffs contend that they have exhausted state remedies and are appealing from the Michigan Supreme Court's denial of leave to appeal. (*Id*. at 11-12.) Count II of the Complaint alleges that Defendants conspired under color of their authority as state employees to "deprive the Plaintiffs of their rights as grandparents." (*Id*. at 12.) As relief, Plaintiffs seek reversal of the decision of the Michigan Supreme Court and money damages. (*Id*. at 13.)

### B.     Motion Standards[1]

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A*., 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on

---

[1] Although the motion alternatively seeks summary judgment, this Report's analysis will utilize the motion to dismiss standards exclusively.

its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

3

When plaintiffs proceed without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct plaintiffs' legal arguments for them, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

## C. Parties' Arguments

Defendants contend that the *Rooker-Feldman* doctrine bars federal jurisdiction (Doc. 12 at 7-8), that the State of Michigan, the Department of Human Services ("DHS") and the Children's Institute, as well as any suits against the remaining Defendants in their official capacity, are barred by Eleventh Amendment immunity (*id*. at 8-9), that Defendant Ray is entitled to absolute immunity as a DHS protective services worker (*id*. at 9), and, alternatively, that Defendant Ray is entitled to qualified immunity. (*Id*. at 9-11.) Defendants also argue that there can be no supervisory liability for Defendants Granholm and Johnson (*id*. at 11), and that Plaintiffs' complaint fails to state a claim upon which relief can be granted because they have not identified a specific constitutional right that was violated as required under 42 U.S.C. § 1983. (*Id*. at 11-12.)

Plaintiffs counter that they have "stated a valid Complaint" that Defendants "violated the Plaintiffs' rights under the 14th Amendment under the U.S. Constitution for a lack of equal protection and/or Invidious Discrimination, or otherwise." (Doc. 17 at 2.)

Defendants reply that although Plaintiffs mention the 14th Amendment in their response, they still "fail to identify what substantive federal constitutional rights they were deprived [sic]." (Doc. 18 at 2.)

## D. Analysis and Conclusions

**1. Defendants State of Michigan, *Department of Human Services, Michigan Children's Institute by Jennifer Granholm, Governor*, and Defendant William Johnson**

I suggest that the above Defendants' motion be granted. First, I suggest that Defendants Granholm and Johnson are correct that Plaintiffs have failed to state a claim against them in their personal capacity because Plaintiffs have not alleged that Defendant Granholm or Defendant Johnson personally took any actions that were in violation of Plaintiffs' rights. In a civil rights

5

case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). Furthermore, to the extent Defendants Granholm and Johnson were named individually because of their supervisory roles in their respective positions as governor and director of the Michigan Children's Institute, I suggest dismissal is still appropriate because a supervisor cannot be held liable under section 1983 absent a showing that the supervisor personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Here, there is no allegation that either Granholm or Johnson did so.

With regard to Defendants Granholm and Johnson in their official capacities, and with regard to the State of Michigan, Department of Human Services and Michigan Children's Institute, "a suit against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). Therefore, suing Defendant Granholm in her official capacity is the same as suing the State of Michigan. The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S.

Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), the state Defendants are entitled to Eleventh Amendment immunity and should be dismissed from this case. *See also Toliver v. Lutheran Social Services*, No. 07-14179, 2008 WL 126628, at *1 (E.D. Mich. Jan. 14, 2008) (dismissing Michigan DHS because it is immune from suit); *Zibbell v. Granholm*, No. 2:07-cv-96, 2007 WL 2438314, at *4 (W.D. Mich. Aug. 23, 2007) (dismissing Michigan DHS because it is immune from suit and because it is not a person who may be sued under § 1983).

For these reasons, I suggest that Defendants Granholm, Johnson, State of Michigan, DHS, and Michigan Children's Institute's motion to dismiss be granted.

**2.      Defendant Ray**

Defendant Dawn Ray, a DHS protective services employee, argues that she is absolutely immune under federal common law precedent because of her position as a social worker. "'[S]ocial workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty and so are entitled absolute immunity.'" *Rippy ex el Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001) (quoting *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989)). "The analytical key to prosecutorial immunity, therefore, is advocacy – whether the actions in question are those of an advocate. By analogy, social workers are absolutely immune only when they are acting in their capacity as legal advocates initiating court actions or testifying under oath – not when they are performing administrative, investigative, or other functions." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000); *accord Reguli v. Guffee*, 371

Fed. App'x 590, 599 (6th Cir. 2010). Since the Complaint does not allege any actions by Defendant Ray that would fall "outside the ambit of actions intimately involved in the judicial process," I suggest that Defendant Ray is entitled to immunity under the test applicable to § 1983 claims.

I therefore suggest that Defendant Ray's motion to dismiss be granted.

**E.     Alternative Analysis**

Defendants argue that the case should be dismissed under the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman*, 460 U.S. at 486-87. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in

8

substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

In the instant case, Plaintiffs' Complaint indicates that it is an appeal from the Michigan Supreme Court decision and that the relief sought is to overturn that decision. (Doc. 1 at 3, 11-13.) In this case, as in *Rooker*, Plaintiffs are asking the district court to render the state court judgment against them "null and void." *See Rooker*, 263 U.S. at 414-15. I therefore suggest that, as the Court found in *Rooker*, this Court lacks subject matter jurisdiction and the Defendants' motion to dismiss should be granted on this alternative ground as well.

### III.     REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail

9

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ Charles E Binder  
                                                CHARLES E. BINDER  
Dated: January 10, 2011                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served upon counsel of record via the Court's ECF System, and served on the following non-ECF participant via the United States Postal Service: Dean J. And Rita K. Cunningham, 19505 S. Chapin Road, Henderson, MI 48841.

Date:  January 10, 2011                  By     s/Patricia T. Morris  
                                                        Law Clerk to Magistrate Judge Binder